### WICHTENDAHL v. FISS, DOERR & CARROLL HORSE CO.

(Supreme Court, Appellate Term. February, 1911.)

AUCTIONS AND AUCTIONEERS (§ 8*)—WARRANTY OF GOODS—CONSTRUCTION AND OPERATION.

Where an auction rule, read at a sale and heard by a buyer, provided that the guaranty of horses sold on Monday would expire at 12 o'clock noon on the following Wednesday, a buyer cannot complain of breach of warranty of a horse purchased Monday, September 26th, where he made no complaint until October 6th.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Dec. Dig. § 8.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Ernest F. Wichtendahl against the Fiss, Doerr & Carroll Horse Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Griggs, Baldwin & Baldwin (Charles G. Signor, of counsel), for appellant.

Bernard S. Deutsch, for respondent.

SEABURY, J.   The plaintiff sues to recover damages for the breach of a warranty in the sale of a horse. The defendant, as auctioneer, sold a horse to the plaintiff on September 26, 1910, which horse was delivered to the plaintiff on the following day. The horse was warranted to be "kind and true and good wind." The evidence shows that at the time of the sale the following auction rule was read to those who were bidding at the auction:

"The guaranty of horses sold on Monday will expire at 12 o'clock noon on the following Wednesday. * * *"

This rule the plaintiff heard read, together with other rules governing the auction. These rules constituted the conditions upon which the sale was made, and were binding upon the buyer and the seller. The plaintiff claims that the horse was not as warranted, and that his condition was such that, on October 6, 1910, he caused it to be shot. The warranty under which the horse was sold was limited by the rule under which the sale was made, and expired at the time specified in the rule. The terms of the sale required that the warranty for the horse, which was sold on Monday, should expire at 12 o'clock noon on the following Wednesday. The evidence shows that the plaintiff made no complaint as to the condition of the horse until October 6, 1910. Upon the facts proved, the plaintiff failed to establish a cause of action against the defendant, and the complaint should have been dismissed.

The judgment is reversed, with costs, and the complaint is dismissed, with costs. All concur.